IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| MOHAMMAD HASSAN MOHSENIAN,<br><br>Plaintiff,<br><br>v.<br><br>CYNTHIA BOITEAU, CLIFTON SANDERS, NADER MOHAMMAD SAFAI, HOLLY J. MOORE, LEE BRINTON, and FRANCIS AFGHAN,<br><br>Defendants. | REPORT AND RECOMMENDATION<br><br>Case No. 2:12-cv-401-DAK-PMW<br><br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Paul M. Warner |

District Judge Dale A. Kimball referred this case to Magistrate Judge Paul M. Warner pursuant to 28 U.S.C. § 636(b)(1)(B).[1]  Before the court are Mohammad Hassan Mohsenian's ("Plaintiff") motion to deny sanctions[2] and motion to stay this case.[3]  The court has carefully reviewed the written memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the Rules of Practice for the United States District Court for the District of Utah, the court has concluded that oral argument is not necessary and will determine the motions on the basis of the written memoranda.  *See* DUCivR 7-1(f).

---

[1]  *See* docket no. 4.

[2]  *See* docket no. 20.

[3]  *See* docket no. 22.

As an initial matter, the court recognizes that Plaintiff is proceeding pro se in this case. Consequently, the court will construe his pleadings liberally. *See, e.g.*, *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

## RELEVANT BACKGROUND

Plaintiff initiated this case on May 22, 2012, by filing his complaint against Cynthia Boiteau, Clifton Sanders, Nader Mohammad Safai ("Mr. Safai"), Holly J. Moore, Lee Brinton ("Mr. Brinton"), and Francis Afghan (collectively, "Defendants").[4]  In short, Plaintiff's complaint alleges that he was unlawfully terminated from his position at Salt Lake Community College in 2010.  All of the Defendants are employed by or have some connection to Salt Lake Community College.

In an order dated October 24, 2012, this court ruled on several outstanding matters.[5]  The court denied Plaintiff's six motions for entry of default; granted Defendants' motion for a more definite statement and ordered Plaintiff to file an amended complaint by November 26, 2012; denied Plaintiff's motion for a hearing; and imposed a sanction of $1000.00 upon Plaintiff, payable to the court on or before November 26, 2012.

Plaintiff's conduct necessitating sanctions was connected to his motion for a hearing. Plaintiff served that motion on Defendants by mail.  The envelopes in which the motion was sent included a return address that indicated that the mailing was sent from this court.  In addition,

---

[4] *See* docket no. 3.

[5] *See* docket no. 19.

along with a copy of the motion, Plaintiff sent at least two of the Defendants a separate page containing fifteen pornographic images.  Based on that conduct, the court imposed the above-referenced sanction of $1000.00 upon Plaintiff.  The court concluded that Plaintiff's false identification of the source of the above-referenced mailings bordered on a fraud upon the court.  The court also concluded that Plaintiff's unnecessary and gratuitous inclusion of the pornographic images in his pleadings was vexatious and harassing in nature.  The court further ordered Plaintiff to refrain from the same or similar conduct in the future, as follows.  First, Plaintiff was ordered to refrain from fraudulently using the court's address.  Second, Plaintiff was ordered to refrain from contacting any of the Defendants individually; instead, Plaintiff was ordered to direct all communications related to this case to Defendants' counsel.  Lastly, Plaintiff was ordered to refrain from including any scandalous or inappropriate materials, such as pornographic images, in his pleadings.  Plaintiff was warned that if he repeated any similar conduct or failed to comply with the court's order, the court would issue an immediate and strong recommendation to Judge Kimball that this case be dismissed with prejudice, as a sanction for repeated misconduct.

      Plaintiff failed to pay the above-referenced sanction to the court by the November 26, 2012 deadline.  Instead, on that date, Plaintiff filed his motion to deny sanctions, in which he asks the court "remove or deny" the $1000.00 sanction.[6]  In that motion, Plaintiff makes various contentions.  First, Plaintiff asserts that his use of the court's address was not fraudulent.  Instead,

---

[6] Docket no. 20 at 3.

Plaintiff maintains that he simply was guiding Defendants to respond to the court.  Second, Plaintiff contends that the pornographic images came from a website for Mr. Brinton's political campaign and, as a result, inclusion of them in his motion was not sanctionable conduct.  Finally, Plaintiff makes various assertions about his case, including the accusation that sometime in 1993, he witnessed Mr. Safai "molesting a teenage girl."[7]  Plaintiff alleges that said molestation consisted of "mou[th] to mou[th] kissing," Mr. Safai placing "one hand in [sic] her breast," and Mr. Safai placing "the other [hand] in her private [sic], etc."[8]

Also on November 26, 2012, Plaintiff filed his amended complaint.[9]  Plaintiff repeats the above-referenced contentions in that complaint.

On December 17, 2012, Defendants filed a response to Plaintiff's motion to deny sanctions.[10]  In that response, Defendants maintain that Plaintiff has violated the court's October 24, 2012 order by failing to pay the $1000.00 sanction and by continuing to include vexatious and harassing material in his pleadings.  Based on that conduct, Defendants request that the court deny Plaintiff's motion to deny sanctions and impose the additional sanction of dismissal of this case with prejudice.  Alternatively, Defendants ask that the court deny Plaintiff's motion and enforce the previously imposed $1000.00 sanction.

---

[7] *Id*.

[8] *Id*.

[9] *See* docket no. 21.

[10] *See* docket no. 23.

On December 10, 2012, Plaintiff filed a motion to stay this case.[11]  In that motion, Plaintiff asserts that because he is traveling to Iran for an extended period of time, a stay of this case is appropriate.  Plaintiff contends that he may return sooner or later than June 10, 2013, but he does not provide a concrete date upon which his requested stay would end.

## ANALYSIS

As indicated above, the motions before the court are Plaintiff's (1) motion to deny sanctions and (2) motion to stay this case.  The court will address the motions in turn.

### I. Plaintiff's Motion to Deny Sanctions

As noted above, Plaintiff makes several contentions in this motion.  First, Plaintiff argues that his use of the court's address was not fraudulent.  Instead, Plaintiff maintains that he simply was guiding Defendants to respond to the court.  The court is not persuaded by that argument.  The court reiterates its previous conclusion that Plaintiff's false identification of the source of his mailings bordered on a fraud upon the court.

Second, Plaintiff contends that the pornographic images came from a website for Mr. Brinton's political campaign and, as a result, inclusion of them in his motion was not sanctionable conduct.  Again, the court is not persuaded by that argument.  While the source of the pornographic images is not entirely clear, it is clear that Plaintiff chose to include them in his pleadings.  Furthermore, Plaintiff has failed to provide any explanation as to how the pornographic images have any relation to his case whatsoever.  In the absence of such

---

[11] *See* docket no. 22.

explanation, the only logical conclusion is, and was, that said images were included in the pleading for harassing and vexatious purposes.  Accordingly, the prior $1000.00 sanction is and was appropriate.

Finally, Plaintiff makes the accusation that Mr. Safai molested a teenage girl in 1993 by engaging in the specific conduct referenced above.  Again, Plaintiff has failed to describe how that conduct has any relation to his employment discrimination case.  Instead, it appears to have been included for the sole purpose of harassing and embarrassing Mr. Safai.  The court concludes that such an accusation violates the court's previous order for Plaintiff to refrain from including any scandalous or inappropriate materials in his pleadings.

As noted above, Defendants have filed an opposition to Plaintiff's motion to deny sanctions, in which they request that this case be dismissed as an additional sanction against Plaintiff.  The court has already concluded that Plaintiff has continued to include scandalous and inappropriate materials in his pleadings in violation of the court's order.  Plaintiff has also violated the court order by failing to pay the $1000.00 sanction.  The court again notes that Plaintiff was warned that if he repeated any misconduct or failed to comply with the court's order, the court would issue an immediate and strong recommendation to Judge Kimball that this case be dismissed with prejudice as a sanction.  Based on Plaintiff's continued misconduct and his violations of the court's order, the court agrees that dismissal of this case is appropriate and hereby recommends the same.  At the same time, the court recommends that its previous sanction of $1000.00 be revoked and that the sole sanction of dismissal be imposed against Plaintiff.

Based on the foregoing, Plaintiff's motion to deny sanctions should be denied.

## II. Plaintiff's Motion to Stay

In this motion, Plaintiff indicates that he is traveling out of the country and will not return until approximately June 2013. Accordingly, Plaintiff asks the court to stay this case until he returns.

Plaintiff initiated this lawsuit. He has the duty to timely prosecute it. His voluntary travel outside the country for an extended period of time neither justifies a stay, nor indicates an intention to pursue this case in a responsible manner.

For those reasons, and in light of the court's recommendation that this case be dismissed with prejudice based on Plaintiff's repeated misconduct and failure to obey the court's order, the court concludes that there is no need for a stay to accommodate Plaintiff's travel. Accordingly, Plaintiff's motion to stay should be denied.

## CONCLUSION AND RECOMMENDATION

In summary, **IT IS HEREBY RECOMMENDED** that:

1. Plaintiff's motion to deny sanctions[12] be **DENIED**.

2. Plaintiff's motion to stay[13] be **DENIED**.

3. The sanction of $1000.00 previously imposed against Plaintiff be **REVOKED**.

4. This case be **DISMISSED WITH PREJUDICE** for Plaintiff's repeated misconduct and failure to obey the court's order, as detailed above.

---

[12] *See* docket no. 20.

[13] *See* docket no. 22.

\* \* \* \* \*

Copies of this Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The parties must file any objection to this Report and Recommendation within fourteen (14) days after receiving it. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Failure to object may constitute waiver of objections upon subsequent review.

DATED this 11th day of January, 2013.

BY THE COURT:

_____
PAUL M. WARNER
United States Magistrate Judge